UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
CONCRETE WORKS CORP.,

        Plaintiff,            Case No. 22-cv-04862

      -against-            VERIFIED COMPLAINT

VOLMAR CONSTRUCTION, INC. and
TRAVELERS CASAUALTY AND SURETY       Plaintiff demands a trial by jury
COMPANY OF AMERICA,

        Defendants.
----------------------------------------------------------x

       Plaintiff Concrete Works Corp., as and for its verified complain against Volmar Construction, Inc. and Travelers Casualty and Surety Company of America hereby alleges as follows:

## THE PARTIES

1.     Plaintiff Concrete Works Corp. ("Concrete Works") is a corporation organized and existing pursuant to the laws of the State of New York with its principal law offices being located at 160 West Industry Court, Deer Park 11729.

2.     Concrete Works is a subcontractor which is principally engaged in construction services including demolition, excavation, and concrete installation and related services on commercial projects in the New York City and Long Island areas.

3.     Upon information and belief, defendant Volmar Construction, Inc. ("Volmar") is a general contractor organized and existing pursuant to the laws of the State of New York with its principal offices located at 4400 Sound Avenue, Brooklyn, New York 11232.

4.     Upon information and belief, Volmar is principally engaged as a general contractor

1

Including new construction, building renovation and facilities maintenance contracts for municipal agencies.

5. Upon information and belief, Travelers Casualty and Surety Company of America is an insurance company authorized to do business in the State of New York ("Travelers") with a principal office located at One Tower Square, Hartford, Connecticut 06183 and has issued a payment bond relating to the construction services alleged to have been performed by Concrete Works in this Complaint.

## JURISDICTION AND VENUE

6. The jurisdiction of the Court is pursuant to the Miller Act under 40 U.S.C. Sec. 3131.

7. The Venue for this proceeding is pursuant to the written agreements between Concrete Works and Volmar referred to herein and the location of the real property.

## FACTUAL BACKGROUND

8. Upon information and belief, on or about February 1, 2021 defendant Volmar, as a general contractor, entered into a written agreement (the "Prime Contract") with the General Services Administration (the "GSA"), known as the GSA Broadway Plaza Reconstruction and Roof Repair Project, to perform construction services at 26 Federal Plaza, New York, NY 10278 (the "Premises" and "Project").

9. On or about February 27, 2021 Volmar did enter into a subcontract agreement with Concrete Works (the "Early Demolition Contract") to perform concrete demolition and other construction services relating to the work to be performed under the Prime Contract.

10. The Project has been beset by delays through no fault of Concrete Works.

11. Volmar has failed to pay Concrete Works for services performed pursuant to the Early

Demolition Contract.

12. Volmar entered into a pattern and practice directing Concrete Works to perform additional or extra work under the Early Demolition Contract without issuing written change orders to perform such work.

13. Volmar did instruct Concrete Works that its failure to perform this additional or extra work, without the benefit of a written change order, would impede the progress of the work and result in a breach of the early Demolition Contract by Concrete Works.

14. Volmar did improperly and unlawfully instruct Concrete Works to issue a written change order credit in the sum of three hundred thousand dollars ($300,000.00), without input from Concrete Works and without providing justification for this credit.

15. The Early Demolition Contract is a lump sum contract and Volmar has acted in a deliberate and unlawful pattern of conduct designed to impede Concrete Work's performance under the Early Demolition Contract.

16. Concrete Works has provided proper demand for the payments due to Concrete Works by Volmar in accordance with paragraph "4.7.1" of the Early Demolition Contract.

17. Upon information and belief, on or about April 18, 2019 Traveler's issued payment bond no. 07057375 obligating itself to the payments due to Concrete Works under the Early Demolition Contract.

18. On or about May 31, 2021 Volmar and Concrete Works did enter into a second written subcontract agreement (the "Structural Repair Contract") wherein Concrete Works was to perform structural repairs and other construction services at the Premises as required by the Prime Contract.

19. Volmar has failed to pay Concrete Works for services performed pursuant to the Structural Repair Contract.

20. Volmar continued its pattern of conduct in improperly and unlawfully refusing to issue written change order for additional and extra work performed by Concrete Works under the Structural Repair Contract while threatening Concrete Work's with damages if it impeded the progress of the work by failing to perform this additional and extra work.

21. Volmar has engaged in a consistent and unlawfully pattern of conduct designed to frustrate Concrete Work's performance under the Structural Repair Contract.

22. Concrete Works has issued demand for payment for sums due and owing pursuant to paragraph "4.7.1" of the Structural Repair Contract.

23. Upon information and belief, Traveler's has issued payment bond no. 07057375 (the "Bond") obligating it to pay sums due and owing to Concrete Works under the Structural Repair Contract.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST VOLMAR

24. Concrete Works repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "23' of the Complaint as though fully set forth at length herein.

25. Upon information and belief, the GSA, as representative of the United States Government, did act as Owner of the Premises upon whose behalf Concrete Works furnished materials and provided construction services to enable Volmar to complete its requirements under the Prime Contract.

26. Concrete Works did submit Application Nos. "4" & "5" for payment for construction services performed by Concrete Works pursuant to the Early Demolition Contract, including:

| ITEM NO. | SERVICE | AMOUNT |
|---|---|---|
| Application No. 4 | | |
| 8 | Removal of concrete topping slab along Worth Street | $67,037.24 |
| 11 | Removal and disposal of sidewalk along Broadway | $6,462.80 |
| 12 | Removal of site bollards and associated foundation | $54,982.94 |
| 13 | Remove & dispose of concrete bas under concrete pavers | $8,456.31 |
| 14 | Removal of the concrete topping slab along Broadway | $151,891.35 |
| 20 | Removal of the concrete topping slab along Duane Street | $10,826.68 |
| 30 | Excavation from existing grade to subgrade along Worth Street | $5,850.00 |
| 31 | Trucking and dumping fees along Worth Street | $4,830.00 |
| 32 | Excavation from existing grade to subgrade along Worth Street | $20,007.00 |
| 33 | Trucking and dumping fees along Broadway | $15,035.14 |
| Total | | $345,379.46 |
| Less retainage | | (34,537.95) |
| Total for Application No. 4 | | $310,841.51 |
| Application No. 5 | | |
| 11. | Removal & disposal of sidewalk at Broadway | $12,925.80 |
| 12 | Removal of bollards & associated foundation | $8046.28 |
| 29 | Hand Excavation | $8,113.88 |
| 30 | Excavation from existing grade to subgrade at Worth Street | $48,750.00 |
| 31 | Trucking & dumping fees for Worth Street | $40,250.00 |

| | | |
|---|---|---|
| 31A | Excavation from existing grade to subgrade along Broadway | $88,030.80 |
| 31B | Trucking & dumping fees for Broadway | $66,155.83 |
| 38 | Pedestrian Managers | $13,200.00 |
| 41 | PWO #14 Remobilize to saw cut 3 bollard locations- Broadway | $3,500.00 |
| 42 | PWO#15 Additional 5" topping slab removal | $1,088.53 |
| 43 | PWO#16 Sawcutting remobilization | $3,500.00 |
| Total | | $293,561.12 |
| Less retainage | | (29,356.11) |
| Total | | $264,205.01 |

27.     The value of the materials furnished and services performed for which Concrete Works was not compensated is $575,046.52.

28.     Upon information and belief, the failure of Volmar to compensate Concrete Works within seven (7) days of receipt of payment from GSA constitutes a breach of the Early Demolition Contract by Volmar.

29.     If Volmar has not been compensated for this material furnished and services provided such is the result of a deliberate and unlawful refusal to make application for such payment to GSA.

30.     On or about September 14, 2021, in accordance with the Early Demolition Contract, Concrete Works sent to Volmar a demand for payment for Items Nos. "8", "14" & "20".

31.     On or about September 30, 2021 in accordance with the Early Demolition Contract, Concrete Works sent to Volmar a demand for payment for items Nos. "11", "12", "30", "31", "32" & '33".

32. More than thirty (30) days have elapsed and Volmar has failed to cure its default under the Early Demolition Contract.

33. Based upon the foregoing, Volmar has breached the Early Demolition Contract and is liable to Concrete Works for damages in the sum of $575,046.52 with interest thereon.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST VOLMAR

34. Concrete Works repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "33" of the Complaint as though fully set forth at length herein.

35. As set forth above, Volmar has engaged in a pattern and practice of directing that extra or additional work be performed under the Early Demolition Contract and refusing to issue written change orders relating to this additional and extra work.

36. Volmar did threaten Concrete Works that its failure to perform such work in the field would result in Concrete's Work's interfering with the progress of the work and subject Concrete Works for damages.

37. Concrete Works did perform this additional work and extra services and did submit written change orders for payment relating to this additional and extra work including,

| DATE | CHANGE NO. | SERVICE | AMOUNT |
|---|---|---|---|
| 6/29/21 | 5 | Removal & disposal of 4" concrete slab under sidewalk at Broadway | $2007.09 |
| 7/30/21 | 6 | Chop 3' x 3'x 34" hole in north monument area to locate the concrete deck | $6,331.35 |
| 7/30/21 | 7 | Removal of soil relating to concrete boxes and Concrete sides. | $11,847.99 |
| 7/30/21 | 8 | Delay damages due to demobilization | $111,398.12 |
| 7/30/21 | 9 | Removal of concrete in north & south courtyards | $24,156.44 |

7

| 7/30/21 | 10 | Demobilization | $12,136.30 |
| 7/30/21 | 11 | Removal of soil around south monument | $27,454.90 |
| 7/30/21 | 12 | Removal of topping soil around Q-deck | $61,687.64 |
| Total | | | $257,019.83 |

38. On September 30, 2021 Concrete Works sent to Volmar a seven (7) day demand for payment in accordance with the terms of the Early Demolition Contract.

39. If Volmar has not made application to GSA for payment for these completed services, this is the result of a deliberate and unlawful frustration of the Early Demolition Contract.

40. More than thirty (30) days have elapsed and Volmar has not cured its default under the terms of the Early Demolition Contract.

41. Based upon the foregoing, Volmar is liable for damages to Concrete Works for breach of the Early Demolition Contract in the sum of $257,019.83 with interest thereon.

## AS ANF FOR A THIRD CAUSE OF ACTION AGAINST VOLMAR

42. Concrete Works repeats, repeats and realleges the allegations set forth in paragraphs "1" through "41" as though fully set forth at length herein.

43. Assuming, arguendo, the materials and services furnished to Volmar by Concrete Works as described in paragraph "37" hereof were not encompassed in the Early Demolition Contract, such materials and services provided did unjustly benefit Volmar under the Prime Contract at the expense of and to the detriment of Concrete Works.

44. As such Volmar is liable to Concrete works for damages in the sum of $257,019.83 with interest thereon.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST TRAVELERS

45. Concrete Works repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "44" of the Complaint as though fully set forth at length herein.

46. As set forth above, Travelers has issued a payment bond obligating it to make payments due and owing by Volmar to its subcontractors including Concrete Works.

47. As set forth above, Concrete Works has duly demanded payment of Volmar and Volmar has refused to make payment to Concrete Works in the sum of $824,185.67.

48. Concrete Works has properly set forth notice of this claim under the Bond.

49. Based upon the foregoing, traveler's is liable to Concrete Works in the sum of $824,185.67 with interest thereon.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST VOLMAR

50. Concrete Works repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "49" of the Complaint as though fully set forth at length herein.

51. As set forth above, Volmar did enter into the Structural Repair Contract with Concrete Works to furnish materials and provide construction services to enable Volmar to complete its requirement under the Prime Contract.

52. Concrete Works did furnish materials and provide services under the Structural Repair Contract, under Application Nos. "2" & "3", for which it has not been compensated by Volmar.

53. The materials furnished and services provided under the Structural Repair Contract for which Concrete Works have not been compensated include:

| ITEM NO. | SERVICE | AMOUNT |
|---|---|---|
| Application No. 2 | | |

9

| | | |
|---|---|---|
| 2 | Demolition of deteriorated concrete slab from surface of existing slab at expansion joint on grid line S&F | $13,298.60 |
| 17 | Concrete column removal and replacement at expansion | $10,786.96 |
| Total | | $24,085.56 |
| Less retainage | | (2408.56) |
| Total Application No. 2 | | $21,677.00 |

Requisition No. 3

| | | |
|---|---|---|
| 1 | Demolition of deteriorated slab from surface of existing slab of expansion joint on grid line S&F | $10,146.63 |
| 2 | Demolition of deteriorated concrete slab at concrete framed area two-way concrete slabs at grid line S&F | $19,947.90 |
| 17 | Concrete column removal & replacement at expansion joints | $10,786.96 |
| Total | | $40,881.49 |
| Less retainage | | (4,088.15) |
| Total for Application 3 | | $39,793.34 |

54. On November 10, 2021, Concrete Works has made due demand for payment of the above items in accordance with paragraph "4.7.1" of the Structural Repair Contract.

55. More than thirty (30) days have elapsed and Volmar has not cured its breach of the Structural Repair Contract.

56. If Volmar has not billed GSA for these services completed under the Structural Repair Contract, this conduct is an intentional and unlawful attempt to frustrate the Structural Repair Contract.

57. Based upon the foregoing, Volmar has breached the Structural Repair Contract and is

liable to Concrete Works in the sum of $61,470.34 with interest thereon.

**AS AND FOR A SIXTH CAUSE OF ACTION AGAINST VOLMAR**

58. Concrete Works repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "57" of the Complaint as though fully set forth at length herein.

59. As set forth above, Volmar has engaged in a pattern and practice of ordering additional and extra work in the field and then improperly and unlawfully refusing to issue a written change order.

60. Concrete Works was compelled to perform this additional and extra work under the threat that if it was not performed Concrete Works would be liable for damages for delaying the progress of the Project.

61. Concrete Works performed the following change order work pursuant to the Structural Repair Contract for which it has not been compensated:

| DATE | CHANGE NO. | SERVICE | AMOUNT |
| --- | --- | --- | --- |
| 7/13/21 | 3 | Remove & replace 8WX5'H concrete wall at plaza level, column line S and F | $18,967.26 |
| 7/12/21 | 4 | Remove 16"-18" thick concrete slab at plaza level, column line S | $14,499.80 |
| 8/12/21 | 5 | Remove & replace additional 56 square feet of Concrete at plaza level, column line S | $3,237.92 |
| 8/12/21 | 6 | Remove 46 square feet of additional concrete At plaza | $2,050.00 |
| 8/31/21 | 9 | Remove additional 1' thick concrete slab | $15,931.18 |
| Total | | | $54,686.16 |

62. On November 10, 2021 Concrete Works duly served notice demanding payment of the

for these services performed under the Structural Repair Contract.

63. More than thirty (30) days have elapsed and Volmar has not cured this breach of the Structural Repair Contract.

64. If Volmar has not made application for payment for this completed work, this conduct is with deliberate and unlawful intent to frustrate the Structural Repair Contract.

65. Based upon the foregoing, Volmar is liable to Concrete Works for damages for breach of the Structural Repair Contract in the sum of $54,686.16 with interest thereon.

## AS AND FOR AN SEVENTH CAUSE OF ACTION AGAINST VOLMAR

66. Concrete Works repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "65" of the Complaint as though fully set forth at length herein.

67. Assuming, arguendo the extra and additional work performed by Concrete Works, as set forth in paragraph "62" hereof, are not within the terms of the Structural Repair Contract, then such materials furnished and services performed did unjustly benefit Volmar under the terms of the Prime Contract at the expense of and to the detriment of Concrete Works.

68. As a result, thereof, Volmar is liable to Concrete Works in damages in the sum of $54,686.16 with interest thereon.

## AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST TRAVELERS

69. Concrete Works repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "68" of the Complaint as though fully set forth at length herein.

70. As set forth above, Travelers has issued a payment bond obligating Travelers to make payment due and owing to Volmar's subcontractors including Concrete Works.

71. As set forth above Concrete Works has duly demanded payment owed by Volmar and

Volmar has refused to make to Concrete Works under the Structural Repair Contract.

72. Based upon the foregoing, Travelers is liable to Concrete Works for damages in the sum of $116,156.80 with interest thereon.

<u>AS AND FOR A NINTH CAUSE OF ACTION AGAINST VOLMAR AND TRAVELERS</u>

73. Concrete Works repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "72" of the Complaint as though fully set forth at length herein.

74. Volmar did withhold from payment to Concrete Works in the sum of $230,780.01 for retainage for work completed under the Early Demolition Contract and $24,551.65 for retainage for work completed under the Structural Repair contract.

75. Volmar's refusal to pay Concrete Works for completed work, as set forth above, led to the improper and unlawful termination of Concrete Works from the Project.

76. Based upon the foregoing, Volmar and Travelers are liable to Concrete Works for damages in the sum of $255,331.68 with interest thereon.

WHEREFORE, it is respectfully demands judgment as follows:

A. Cause of Action No "1" for monetary damages against Volmar in th sum of $575,046.52 with interest from October 31, 2021;

B. Cause of Action No. "2" for monetary damages against Volmar in the sum of $257,019.83 with interest from October 31, 2021;

C. Cause of Action No. "3" for monetary damages against Volmar in the sum of $257,019.83 with interest thereon from October 31, 2021;

D. Cause of Action No "4" for monetary damages against travelers in the sum of $824,185.67 with interest from October 31, 2021;

E.   Cause of Action No. "5" for monetary damages against Volmar in the sum of $61,470.34 with interest from October 31, 2021;

F.   Cause of Action No. "6" for monetary damages against Volmar in the sum of $54,686.16;

G.   Cause of Action No. "7" for monetary damages against Volmar in the sum of $54,686.16 with interest from October 31, 2021;

H.   Cause of Action No. "8" for monetary damages against Travelers in the sum of $116,156.80 with interest from October 31, 2021;

I.   Cause of Action No. "9" for monetary damages against Volmar and Traveler's in the sum of $255,331.68 with interest from October 31, 2021;

J.   The costs and disbursement of this action and for such other and further relief as seems just and proper.

Dated: Melville, New York
       May 19, 2022

_____
Edward G. McCabe, Esq. (EM 6352)

## VERIFICATION

STATE OF NEW YORK          )
                           )SS
COUNTY OF SUFFOLK          )

Ralph Lunati, being duly sworn, deposes and says:

1. I am an officer of Concrete Works Corp., the plaintiff herein, and I make this verification based upon my own personal knowledge and upon information and belief, the source being the company records.

2. I have reviewed the annexed Complaint and believe the facts and circumstances contained therein to be true and accurate to the best of my knowledge.

/s/ Ralph Lunati

Sworn to before me this
19th day of May 2020

/s/ Zachary Smith
Notary Public

ZACHARY W SMITH
Notary Public, State of New York
No. 01SM6358790
Qualified in Suffolk County
Commission Expires May 15, 2025