```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

CONCRETE WORKS CORP.,

                                Plaintiff,              22-CV-04862 (RA)(SN)

               -against-                                ORDER

VOLMAR CONSTRUCTION INC., et al.,

                                Defendants.
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/18/2023

**SARAH NETBURN, United States Magistrate Judge:**

The Court scheduled a settlement conference for October 17, 2023, and advised the parties of the Court's rules governing settlement conferences, which include the obligation for a party decision-maker to appear. The night before, at 5:05 p.m., defense counsel emailed the Court's chambers requesting to adjourn the settlement conference scheduled for the next day. Defense counsel did not have Plaintiff's counsel's consent, and the Court advised that it would not adjourn the conference unless all parties consented. Notwithstanding that the conference was not adjourned, a party representative from the Defendants failed to appear.

As a sanction for the time wasted, the Court orally ordered that Defendants pay one hour at Plaintiff's counsel's regular hourly rate. Defense counsel objected on the grounds that a party representative for the Plaintiff previously failed to appear at a settlement conference scheduled in June 2023. Plaintiff's counsel's conduct in June similarly caused the Court and the parties to needlessly expend resources and time; but given that the Court did not impose sanctions in June, I decline to do so in October. The Court vacates its oral order granting sanctions.

Counsel for all parties, however, are reminded that (1) settlement conferences are scheduled months in advance and to the exclusion of other cases that also seek the Court's involvement. The Court expects lawyers to make sure that party representatives are present and prepared to engage in good faith settlement negotiations. (2) Requests for adjournments must be made at least 48-hours in advance, and preferably with additional time to allow the Court to reschedule conferences. And (3) communications with the Court must be by letter filed on the Court's Electronic Case Filing (ECF) system.

Given this history – of scheduling settlement conferences and then not using the Court's time appropriately – the Court will not schedule another settlement conference until after the summary judgment motions have been decided. If, however, the parties jointly request, the Court will refer this case to the Court's Mediation Program. Litigation deadlines will not be adjourned to accommodate late requests.

In light of the close of discovery on September 30, 2023, the Court sets the following schedule for pre-trial filings:

- Plaintiff's motion for summary judgment and motion to preclude discovery shall be filed by November 22, 2023. Plaintiff shall file one brief of not more than 30 pages.

- Defendants' opposition to the motions, and any cross-motion for summary judgment shall be filed by December 22, 2023. Defendants shall file one brief of not more than 45 pages.

- Plaintiff's reply in further support of its motions, and in opposition to any cross-motions shall be filed by January 19, 2024. Plaintiff shall file one brief of not more than 25 pages.

- Defendants' reply in further support of their motions shall be filed by February 2, 2024, and shall not exceed 10 pages.

## CONCLUSION

The Court VACATES its prior order imposing sanctions in the amount of one hour of Plaintiff's counsel's time. The parties may request a referral to the Mediation Program. Plaintiff's motion for summary judgment and to preclude discovery shall be filed by November 22, 2023.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   October 18, 2023
         New York, New York