```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/4/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONCRETE WORKS CORP., <br><br> Plaintiff, <br><br> -against- <br><br> VOLMAR CONSTRUCTION INC., et al., <br><br> Defendants. | 22-CV-04862 (MMG) <br><br> **ORDER** |

MARGARET M. GARNETT, United States District Judge:

After the jury returned a verdict in the above-captioned case on October 1, 2024, Defendants' counsel requested a briefing schedule for the filing of Rule 50(b) motions. Counsel acknowledged in making this request that she had failed to make a motion under Rule 50(a) before the jury returned its verdict, but sought to excuse that failure on the ground on that the parties had never "formally rested." *See* Oct. 1, 2024 Tr. at 25:4–5. The Court reserved decision on setting a briefing schedule for post-trial motions under Rule 50(b). *See id.* at 25:13–17.

Rule 50(a) of the Federal Rules of Civil Procedure requires the party making a motion for judgment as a matter of law to "specify the judgment sought and the law and the facts that entitle the movant to judgment." Fed. R. Civ. P. 50(a)(2). Post-trial motions based on Rule 50(b) of the Federal Rules of Civil Procedure are "limited to those grounds that were specifically raised in the prior motion for [judgment as a matter of law]." *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F. 3d 276, 286 (2d Cir.1998) (internal references omitted) (collecting cases); *see also Leinart v. Ellison*, 761 F. App'x 47, 49 (2d Cir. 2019) (summary order) ("A party may renew the motion after an unfavorable verdict on the grounds specifically raised in the prior motion for judgment as a matter of law."). The procedural requirement that a motion for a directed verdict under Rule 50(a) is a prerequisite for a judgment as a matter of law under Rule 50(b) "may not be waived as a mere technicality." *Cruz v. Local Union 3 of Intern. Broth. Of Elec. Workers*, 34 F.3d 1148, 1155 (2d Cir. 1994) (citing *Redd v. City of Phenix City, Ala*, 934 F. 2d 1211, 1214 (11th Cir. 1991); *see also Diageo N. Am., Inc. v. W.J. Deutsch & Sons, Ltd.*, 626 F. Supp. 3d 635, 644 (S.D.N.Y. 2022). A "Rule 50(a) motion requesting judgment as a matter of law on one ground but omitted another is insufficient to preserve a [judgment as a matter of law] argument based on the latter." *Lore v. City of Syracuse*, 670 F. 3d 127, 152 (2d Cir. 2012). "As to any issue on which proper Rule 50 motions were not made, [judgment as a matter of law] may not properly be granted by the district court, or upheld on appeal, or ordered by the appellate court unless that action is required in order to prevent manifest injustice." *Id.*

Courts have deemed arguments raised for the first time in a Rule 50(b) motion waived because the party did not make a Rule 50(a) motion on the grounds raised in the Ruel 50(b) motion. *See, e.g.*, *Hemant Patel, M.D., P.C. v. Bandikatla, M.D.*, 18-cv-10227 (JSR), 2024 WL 1509238, at *4 (S.D.N.Y. Apr. 5, 2024) ("However, to the extent HPMDPC is now arguing that it is entitled to judgment as a matter of law because there was insufficient evidence of an intent

to cause serious harm, that is waived because the entirety of HPMDPC's colloquy with the Court was confined to whether HPMDPC abused the law."). A similar result occurred in *Diageo North America v. W.J. Deutsch & Sons, Ltd.*, where the court determined that "[n]o manifest injustice requires the granting" of a Rule 50(b) motion that was premised on arguments that were not raised in a Rule 50(a) motion. *Diageo N. Am.*, 626 F. Supp. 3d at 644; *see also Lore*, 670 F. 3d at 153–54 ("We conclude that the City's request for judgment as a matter of law dismissing Lore's claims for injury to her reputation as not properly preserved because it was not raised in the City's Rule 50(a) motion. Nor can we conclude that justice requires that we overlook the City's procedural default, on the basis of either the law or the state of the record.").

The Court is aware of no rule that requires the use of "formal resting" before a Rule 50(a) motion can be made. The parties rested when they answered "no" to the Court's inquiries as to whether they had any additional witnesses, evidence, or other issues to present to the jury. *See, e.g.*, Sept. 30, 2024 Tr. at 770:13–14 (The Court: "Ms. Rosen, do you have any other witnesses?" Ms. Rosen: "I do not, your Honor."); *id.* at 776:24–777:2 (The Court: "Mr. McCabe, anything further?" Mr. McCabe: "No, your Honor." The Court: "Ms. Rosen, anything further?" Ms. Rosen: "No, your Honor."); 777:20–21 (the Court stating, "With that, I believe the evidence portion of the case has ended" without objection or correction from counsel). Moreover, there was ample opportunity for either party to make a Rule 50(a) motion in response to the Court's numerous inquiries to counsel on the last day of the trial and while the jury was deliberating regarding whether there was anything else counsel wished to raise. *See, e.g., id.* at 883:3–8 (The Court: "I'm going to speak with the lawyers briefly at sidebar to make sure they don't have any concerns before I dismiss you, so sit tight for one moment."; [*at sidebar*] The Court: "I just want to ensure before I dismiss them that neither counsel has any additional instructions that they think need to be provided, or any corrections to the instructions." Mr. McCabe: "No, your Honor." Ms. Rosen: "No, your Honor."); Oct. 1, 2024 Tr. at 1:1–4:3 (addressing counsel before the jury was brought into the courtroom and answering questions from counsel regarding the responsibility of counsel during jury deliberations); *id.* at 3:14–15 (the Court stating "now that the presentation of evidence is over . . ." without objection or correction from counsel); *id.* at 7:5–11:22, 14:11–16:3 (addressing questions from the jury with counsel outside the presence of the jury).

Defendants' counsel's failure to make any Rule 50(a) motion whatsoever means she has forfeited the opportunity to bring a Rule 50(b) motion, unless "manifest injustice" would result. *See infra*. If either counsel believes there is an argument that "manifest injustice" would result from the denial of the request to file Rule 50(B) motions, or that the Court has incorrectly stated the legal standards above, they may so inform the Court by letter, not to exceed three pages, filed on ECF no later than **October 11, 2024**.

Dated: October 4, 2024
    New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge