```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/31/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CONCRETE WORKS CORP.,

                      Plaintiff,

-against-

VOLMAR CONSTRUCTION INC., et al.,

                      Defendants.

22-CV-04862 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

      The Court held a five-day jury trial in the above-captioned action, which arises out of contracts for construction work on a federal project. After one full day of deliberations, the jury returned a verdict in favor of Plaintiff Concrete Works Corporation on Counts 2, 4, 6, and 8, and awarded damages to Plaintiff Concrete Works on Claims 2 and 6 in the amounts of $257,019.83 and $83,018.50, respectively. *See* Dkt. No. 70-12. Pending before the Court is Plaintiff's timely motion for pre- and post-judgment interest on the damages award on Counts 2 and 6. Dkt. No. 68. Both Defendant Volmar Construction Incorporated and Defendant Casualty and Indemnity Company of America (together, "Defendants") oppose Plaintiff's request for pre-judgment interest. Dkt. No. 69. Plaintiff also submitted a "response" in support of its motion for pre- and post-judgment interest. *See* Dkt. No. 72.

      For the reasons discussed below, the Court GRANTS Plaintiff Concrete Works' motion for pre- and post-judgment interest, albeit at the rate of 0% for pre-judgment interest.

    **I.   Pre-Judgment Interest**

      Federal jurisdiction in this case is premised on the Miller Act, 40 U.S.C. § 3131, which allows for pre-judgment interest as within the scope of the remedy available to a prevailing party. *See, e.g.*, *U.S. for Varco Pruden Bldgs. v. Reid & Gary Strickland Co.*, 161 F.3d 915 (5th Cir.

1998). "Because the Miller Act does not provide explicit standards for the allowance of prejudgment interest, the Act is treated as incorporating the applicable state law on this issue." Bateman, et. al., 15B Fed. Proc., L. Ed. § 39:1309 (2024) (*citing U.S. for Use and Benefit of Groisser & Shlager Iron Works, Inc. v. Walsh*, 240 F. Supp. 1019 (N.D.N.Y. 1965)); *see also U.S. ex. rel. Trane US, Inc. v. JHJ Enter., LLC*, No. 13-2689 (NGG) (RER), 2014 WL 4285601, at *1 (E.D.N.Y. Aug. 29, 2014) ("[P]rejudgment interest on Miller Act claims accrues at the applicable state law interest rate."); *U.S. ex rel. Equip. Co., Inc. v. Morganti, Inc.*, 175 F. Supp. 2d 458, 460 (E.D.N.Y. 2001) (collecting cases). Under New York law, pre-judgment interest "shall be recoverable" for a breach of contract claim, and the amount is computed from the date the cause of action accrued at the statutory rate of 9% per year. N.Y. C.P.L.R. §§ 5001(a)–(b), 5004. Section 5001(b) of the New York CPLR provides that "[w]here . . . damages were incurred at various times, interest shall be computed on each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b). District courts have discretion to determine whether a plaintiff's damages were incurred at various times and, accordingly, that the use of a "single reasonable intermediate date" is appropriate for the calculation of pre-judgment interest. *See Marfia v. T.C. Ziraat Bankasi*, 147 F.3d 83, 91 (2d Cir. 1998) ("New York law leaves to the discretion of the court the choice of whether to calculate prejudgment interest based upon the date when damages were incurred or a 'single reasonable intermediate date,' which can be used to simplify the calculation."), *holding modified on other grounds by Baron v. Port Auth. of New York & New Jersey*, 271 F.3d 81 (2d Cir. 2001).

Here, the jury found for Plaintiff on Count 2, breach of contract relating to additional work under the Early Demolition Contract, and Count 6, breach of contract relating to additional

work under the Structural Repair Contract. The jury awarded damages for both claims in the amount of $257,019.83 on Count 2 and $82,018.50 on Count 6. *See* Dkt. No. 70-12 at 12. Therefore, Plaintiff is presumptively entitled to prejudgment interest under New York law.

"However, courts have declined to award statutory prejudgment interest in a small set of cases where it can be established that the nonbreaching party has otherwise been made whole, including where the parties have 'contracted around' CPLR [§] 5001(a) or where interest would amount to a windfall to the nonbreaching party." *IHG Harlem I LLC v. 406 Manhattan LLC*, 203 N.Y.S.3d 543, 546 (App. Div., 1st Dept. 2024) (collecting cases); *see also* Dkt. No. 69 at 2 (Defendants arguing that because the contracts at issue have a clause that "no interest would apply [in the event of a breach], no pre-judgment interest should be added to the verdict amounts"). Parties to a civil dispute are free to "chart their own course" to determine "how damages are to be computed without interference by the courts." *J. D'Addario Inc. v. Embassy Indus., Inc.*, 20 N.Y.3d 113, 119 (2012).

Under *J. D'Addario* and its progeny, the question is whether Concrete Works, in agreement with Volmar, "clearly agreed to forego statutory prejudgment interest in the event of the type of contract breach" by Volmar found by the jury. *Katzman v. Helen of Troy Texas Corp.*, No. 12 Civ. 4220 (PAE), 2013 WL 1496952, at *4 (S.D.N.Y. Apr. 11, 2013); *see also J. D'Addario Inc.*, 20 N.Y.3d 113. Article 15.2 of both the Early Demolition Contract and the Structural Repair Contract specifically provides that in the event of non-payment, the agreed-upon rate of interest is zero percent:

> Payments due and unpaid under this Subcontract shall bear interest from the date payment is due at such rate as the parties may agree upon in writing or, in the absence thereof, at the legal rate prevailing from time to time at the place where the Project is located. (Insert rate agreed upon, if any). 0%.

3

*See* Pl.'s Ex. Nos. 4, 26.  Under the unambiguous language of both contracts, Concrete Works clearly agreed to forego its statutory entitlement to prejudgment interest for breach of contract, including where that breach arose from a failure by Volmar to pay amounts due and owing.  Article 15.2 of both contracts specifically contemplates a breach of contract in the form of non-payment, and further specifies that the applicable interest rate will be zero percent, and *not* the "legal rate prevailing from time to time at the place where the Project is located."  *See id.*  The contract language controls, and the pre-judgment interest rate is zero percent.  *See J'Addario*, 20 N.Y.3d at 119 ("The contract language will always control, as it should in this case.").

In response to Defendants' argument that the contract provides for zero percent interest on late or non-payments, Plaintiff points to the New York General Business Law §§ 756-a and 756-b.  *See* Dkt. No. 72.  This statute is irrelevant to this case because public works contracts, like the ones at issue here, are explicitly exempt from the statute.  *See* N.Y. G.B.L. § 756(1) (excluding public works contracts from the definition of construction contract).  Plaintiff is thus unable to escape its previous decision, at the time it signed the Early Demolition and Structural Repair Contracts, to contract around CPLR § 5001.

Because the applicable pre-judgment interest rate is zero percent, Plaintiff is entitled to pre-judgment interest in the amount of $0 on Counts 2 and 6.[1]  As such, the October 1, 2024 judgment, as returned by the jury, is unchanged.

---

[1] The Court recognizes that Plaintiff and Defendants disagree on the date on which pre-judgment interest should begin to accrue.  *See* Dkt. Nos. 68, 69.  The accrual date, however, is irrelevant because the pre-judgment interest rate is zero percent and will always result in a pre-judgment award of $0, regardless of the length of the pre-judgment interest accrual period.  Because the accrual date is irrelevant, the Court declines to decide such date.

## II. Post-Judgment Interest

An award of post-judgment interest is mandated by 28 U.S.C. § 1961. The statute provides, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a); *see also Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008) (explaining that "postjudgment interest is governed by federal statute" and that the Second Circuit has "consistently held that an award of postjudgment interest is mandatory" (internal references omitted)). Defendants make no argument in opposition to awarding Plaintiff post-judgment interest. *See generally* Dkt. No. 69. Accordingly, Plaintiff is entitled to post-judgment interest, which is to be calculated from the date the Clerk of Court entered judgment in this action until the date payment is made, using the federal interest rate provided in 28 U.S.C. § 1961.

## CONCLUSION

For the reasons discussed above, it is hereby ORDERED that Plaintiff's motion for pre- and post-judgment interest is GRANTED, such that Plaintiff is awarded pre-judgement interest on the judgment dated October 1, 2024 (Dkt. No. 70-12) in the rate of zero percent (0%), and post-judgment interest at the rate of 3.908% in accordance with 28 U.S.C. § 1961 until Defendants fully satisfy the judgment. The Clerk of Court is respectfully directed to terminate Dkt. No. 68.

Dated: October 31, 2024
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge